COWART, Judge,
dissenting.
The defendant, Aurelian Smith, Jr., hired private counsel to defend him in this criminal case in which he was charged with aggravated battery as a result of a one punch fight. It is a simple case. The victim testified that he and the defendant were acquaintances travelling from bar to bar in an automobile when they had an argument and the defendant slugged him. The defendant, a large professional wrestler, testified that he acted in self defense. The jury issue was: “Who was the aggressor?” and that determination was dependent upon the credibility of the victim and the defendant who were the only eye witnesses to the ultimate issue. Certainly the defendant’s privately-retained counsel was not effective in that the defendant was convicted. Certainly, also, there is no way of knowing why Mr. Smith’s privately-retained counsel at trial handled the defense the way he did.
Reversing judgments and sentences based on jury verdicts in criminal cases because of the determination of an appellate court that personally-retained defense counsel was ineffective or inept opens the gate to a road that has no end. As professionals, trial counsel are important mainly because they, like doctors, have but one chance to do their work. If defendants charged with crime are entitled to new trials until they are either acquitted or have “effective” counsel there will not be much incentive to hire “effective” counsel. As long as a lawyer is considered sufficiently competent to be authorized to practice law and a defendant has the unrestricted right to select his lawyer, the defendant should bear the risk involved in his selection because criminal trials are adversarial events and the State has nothing to do with selection of counsel.